IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2019

**STATE OF TENNESSEE v. MARTEZ WHEELER**

**Appeal from the Criminal Court for Shelby County**
**No. 14-06098       James M. Lammey, Judge**

_____

**No. W2018-02218-CCA-R3-CD**

_____

The pro se Defendant, Martez Wheeler, appeals the trial court's summary dismissal of his motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1. After thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Martez Wheeler, Harstville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Bryce Phillips, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On December 4, 2014, the Defendant was indicted by a Shelby County Grand Jury on two counts of attempted first degree murder, two counts of employing a firearm during the commission of a dangerous felony, and one count of evading arrest. On October 5, 2015, the Defendant pled guilty to two counts of attempted first degree murder and one count of employing a firearm during the commission of a dangerous felony, and the State dismissed the remaining charges. The Defendant received concurrent 20-year sentences for the two attempted murder convictions and a six-year consecutive sentence

for the firearm conviction, for a total effective sentence of 26 years. The Defendant did not appeal.

On October 16, 2018, the Defendant filed a pro se "Motion for Correction of Illegal Sentence." In his motion, the Defendant asserted that his sentence was "not authorized by applicable statutes" because "with a charge [of] Criminal Attempt to Commit First Degree Murder where a gun is part of the crime, Tennessee Code Annotated §39-17-1324, cannot be used to increase it again." The trial court summarily dismissed the Defendant's motion by written order on November 13, 2018, finding that he had not stated a colorable claim for relief from an illegal sentence.

## ANALYSIS

The Defendant argues on appeal, as he argued in his Rule 36.1 motion, that he received illegal sentences for his attempted murder and firearm convictions because he could not be convicted of both attempted first degree murder and the firearm charge because the firearm was used to commit the attempted first degree murder.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). Id. at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. The court held that only fatal errors render sentences illegal. Id.

The Defendant impliedly argues that such a sentence is illegal because the use of a firearm was an element of the underlying dangerous felony, attempted first degree murder, which he was convicted of. The State responds that the Defendant has not stated

a colorable claim for relief, noting that his "basic legal premise is wrong" and that even if his legal premise were correct, it would still not be a colorable claim for relief under Rule 36.1. We agree with the State.

The Defendant is correct in asserting that a defendant cannot be charged with both employing a firearm during the commission of a dangerous felony and the underlying dangerous felony if an essential element of that dangerous felony is possession or employment of a firearm. See Tenn. Code Ann. § 39-17-1324(c). However, as noted by the State, employing or possessing a firearm is not an essential element of either first degree murder or criminal attempt. See id. §§ 39-12-101(a), 39-13-202(a)(1). The Defendant's indictments do not indicate that a firearm was essential to the attempted first degree murders. Accordingly, as noted by both the State and the trial court, there was nothing preventing the Defendant from being charged with both attempted first degree murder and employing a firearm. Even if such an argument had merit, this court has previously stated that "Rule 36.1 applies to sentences and 'does not provide an avenue for seeking reversal of convictions.'" State v. Carl Hall, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017) (quoting State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 185622, at *2 (Tenn. Crim. App. Mar. 31, 2014)). Thus, even if the Defendant's assertion were meritorious, it is inappropriate for a Rule 36.1 motion. The Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

- 3 -